FEDERAL EXPRESS CORPORATION
Frederick L. Douglas (Admitted *Pro Hac Vice in the Related Case No. C04-0098 SI*)
David A. Billions (Admitted *Pro Hac Vice in the Related Case No. C04-0098 SI*)
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee  38125-8800
Telephone:  901.434.8519
Facsimile:   901.434.9271

SEYFARTH SHAW LLP
Gilmore F. Diekmann, Jr. (SBN 050400)
Patricia H. Cullison (SBN 101636)
Francis J. Ortman, III (State Bar No.: 213202)
560 Mission Street, Suite 3100
San Francisco, California  94105
Telephone:  415.397.2823
Facsimile:  415.397.8549

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION,
dba FEDEX EXPRESS (erroneously sued herein as
FedEx Corporation, dba FedEx Express)

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS, | Case No. C 07-5484 – BZ (Related to Case No. C04-0098 SI) |
| Plaintiffs, | |
| v. | |
| FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAN GALDER, an individual, and DOES 1 - 50 | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |
| Defendants. | Jury Trial Demanded |

Defendant Federal Express Corporation d/b/a FedEx Express erroneously named Federal Express, and Defendants Everett Rey and Robin Van Galder, answer the Complaint as follows:

## JURISDICTION AND VENUE

1.   Defendants admit the allegations in Paragraph No. 1 of the Complaint but deny all allegations forming the basis of the claims and relief.

2.   Defendants admit the allegations in Paragraph No. 2 of the Complaint but deny all allegations forming the basis of the claims and relief.

## INTRODUCTION

3.   Defendants deny the allegations in Paragraph No. 3 of the Complaint.

## THE PARTIES

4.   Defendants admit the allegations in Paragraph No. 4 of the Complaint.

5.   Defendant FedEx deny the allegations in Paragraph No. 5 of the Complaint because the meaning given to certain phrases and words, "package delivery company" is vague and ambiguous and subject to multiple interpretations;  Defendants Everett Rey and Robin Van Galder are without knowledge and therefore deny the same.

6.   Defendants admit the allegations in Paragraph No. 6 of the Complaint.

7.   Defendants admit the allegations in Paragraph No. 7 of the Complaint.

8.   Defendants are without knowledge as to the identities and capacities of DOEs 1 – 50 and therefore deny the allegations in Paragraph No. 8 of the Complaint.

9.   Defendants deny the allegations in Paragraph No. 9 of the Complaint.

## GENERAL ALLEGATIONS

10.   Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 9 above as though fully set forth herein.

11.     Defendant FedEx denies the allegations in Paragraph No. 11 of the Complaint; Defendants Everett Rey and Robin Van Galder are without knowledge and therefore deny the same.

12.     Defendants deny the allegations in Paragraph No. 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph No. 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph No. 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph No. 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph No. 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph No. 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph No. 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph No. 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph No. 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph No. 21 of the Complaint.

## **FIRST CASUE OF ACTION:  RACIAL DISCRIMINATION**

## **42 *U.S.C.* § 1981**

(Against Defendant FedEx)

22.     Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendant denies the allegations in Paragraph No. 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph No. 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph No. 25 of the Complaint.

26. Defendant denies the allegations in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations in Paragraph No. 27 of the Complaint.

## SECOND CASUE OF ACTION:  RACIAL DISCRIMINATION

### 42 *U.S.C.* § 2000 *et seq.*

(Against Defendant FedEx)

28. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants deny the allegations in Paragraph No. 29 of the Complaint.

30. Defendants deny the allegations in Paragraph No. 30 of the Complaint.

31. Defendants deny the allegations in Paragraph No. 31 of the Complaint.

32. Defendants deny the allegations in Paragraph No. 32 of the Complaint.

33. Defendants deny the allegations in Paragraph No. 33 of the Complaint.

## THIRD CAUSE OF ACTION:  RACIAL DISCRIMINATION

### *Cal. Gov't. Code* § 12940

(Against Defendant FedEx)

34. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants deny the allegations in Paragraph No. 35 of the Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of the Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of the Complaint.

38. Defendants deny the allegations in Paragraph No. 38 of the Complaint.

## FOURTH CAUSE OF ACTION:  HARASSMENT

**Cal. *Govt*. Code § 12940**

(Against All Defendants)

39.  Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 38 above as though fully set forth herein.

40.  Defendants deny the allegations in Paragraph No. 40 of the Complaint.

41.  Defendants deny the allegations in Paragraph No. 41 of the Complaint.

42.  Defendants deny the allegations in Paragraph No. 42 of the Complaint.

43.  Defendants deny the allegations in Paragraph No. 43 of the Complaint.

44.  Defendants deny the allegations in Paragraph No. 44 of the Complaint.

**FIFTH CAUSE OF ACTION:  RETALIATIION**

**Cal. *Govt. Code* § 12940 and 42 *U.S.C.* § 2000 *et seq.***

(Against All Defendants)

45.  Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 44 above as though fully set forth herein.

46.  Defendants deny the allegations in Paragraph No. 46 of the Complaint.

47.  Defendants deny the allegations in Paragraph No. 47 of the Complaint.

48.  Defendants deny the allegations in Paragraph No. 48 of the Complaint.

49.  Defendants deny the allegations in Paragraph No. 49 of the Complaint.

50.  Defendants deny the allegations in Paragraph No. 50 of the Complaint.

51.  Defendants deny the allegations in Paragraph No. 51 of the Complaint.

**SIXTH CAUSE OF ACTION:  CONSTRUCTIVE DISCHARGE IN**

**VIOLATIONOF PUBLIC POLICY**

**Cal. *Govt. Code* § 12940**

(Against All Defendants)

52. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 51 above as though fully set forth herein.

53. Defendants deny the allegations in Paragraph No. 53 of the Complaint.

54. Defendants deny the allegations in Paragraph No. 54 of the Complaint.

55. Defendants deny the allegations in Paragraph No. 55 of the Complaint.

### SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM HARASSMENT

Cal. *Govt. Code* § 12940

(Against All Defendants)

56. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 55 above as though fully set forth herein.

57. Defendants deny the allegations in Paragraph No. 57 of the Complaint, and subpart 1.

### EIGHTH CAUSE OF ACTION: FAILURE TO INVESTIGATE

**Cal. *Govt. Code* § 12940**

(Against All Defendants)

59. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 57 above as though fully set forth herein.

60. Defendants deny the allegations in Paragraph No. 60 of the Complaint.

61. Defendants deny the allegations in Paragraph No. 61 of the Complaint.

62. Defendants deny the allegations in Paragraph No. 62 of the Complaint.

63. Defendants deny the allegations in Paragraph No. 63 of the Complaint.

### NINTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

64. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 63 above as though fully set forth herein.

65. Defendants deny the allegations in Paragraph No. 65 of the Complaint.

66. Defendants deny the allegations in Paragraph No. 66 of the Complaint.

67. Defendants deny the allegations in Paragraph No. 67 of the Complaint.

68. Defendants deny the allegations in Paragraph No. 68 of the Complaint.

## TENTH CASUE OF ACTION:  HOSTILE WORK ENVIRONMENT

Cal. Govt. Code § 12940

(Against All Defendants)

69. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 68 above as though fully set forth herein.

70. Defendants deny the allegations in Paragraph No. 70 of the Complaint.

71. Defendants deny the allegations in Paragraph No. 71 of the Complaint.

## PRAYER FOR RELIEF

Responding to the WHEREFORE Paragraph, and subsections 1 through 7, Defendants deny that Plaintiff is entitled to any recovery.

Any allegation not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

2. The Complaint, and each claim set forth therein, is barred because at all times relevant Defendants acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendants at the time it acted.

3. The Complaint, and each claim set forth therein, is barred because Defendants' conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiff was undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons.

4. The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. Defendants allege provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct, neglect and fault of Plaintiff and/or parties other than Defendants.

6. Defendants allege that Plaintiff is not entitled to recover any punitive damages because: (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; and (2) Defendants committed no act justifying an award of punitive damages.

7. Defendants allege that the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law pursuant to both the United States and California Constitutions.

8. Defendants allege that the Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

9. Some or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

10. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise.

11. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendants affirm that they took prompt and effective action to remedy any such acts and therefore have no liability for them.

12. Defendants contend Plaintiff's claims are barred by the doctrine of laches. Specifically, to the extent harm was suffered Defendants were not promptly notified of the harm.

13. Defendants allege that Plaintiff failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of Defendants.

14. Defendants allege that some or all of the damages, if any, may be barred by the after-acquired evidence doctrine.

DATED: November 19, 2007                    FEDERAL EXPRESS CORPORATION

                                            By: /s/ Frederick L. Douglas
                                                Frederick L. Douglas
                                                Lead Counsel
                                                3620 Hacks Cross Road
                                                Bldg. B, 3rd Floor
                                                Memphis, TN 38125-8800
                                                Telephone: (901) 434-8519
                                                Facsimile: (901) 434-9271

Doc #707185

Waukeen Q. McCoy, ESQ

Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint; Case No. C07-5484                    9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint; Case No. C07-5484     10